In the Matter of CLEMENT ACTON GRISCOM, JR., a Witness Summoned to Attend Before RUDOLF DULON, a Commissioner Appointed by the ROYAL PRUSSIAN SEE-AMT.

GERMAN GOVERNMENT, ROYAL PRUSSIAN SEE-AMT and RUDOLF DULON, Appellants; CLEMENT ACTON GRISCOM, JR., Respondent.

*Order vacating a subpœna issued by a foreign investigating body — parties who are not entitled to appeal.*

An order, vacating a subpœna requiring a person to appear before a local commissioner appointed by the Royal Prussian See-Amt, a foreign investigating body, cannot, under section 1294 of the Code of Civil Procedure, authorizing an appeal to be taken by "a party aggrieved," be reviewed on an appeal taken by the See-Amt, as it is the body which is investigating, nor by the German government, as that is only a popular appellation given to a defined national entity or body politic, not a party to the proceeding either in New York or abroad, nor by the commissioner appointed, as he is not a party to the proceeding.

APPEAL by the German Government, the Royal Prussian See-Amt and Rudolf Dulon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of October, 1897,

vacating and setting aside a subpœna directed to Clement Acton Griscom, Jr., requiring him to appear before Rudolf Dulon, Esq., as commissioner appointed by the Royal Prussian See-Amt.

*Rudolf Dulon*, for the appellants.

*Charles M. Hough*, for the respondent.

BARRETT, J. :

Under section 1294 of the Code of Civil Procedure it is only " a party aggrieved " by an order of the Special Term who may appeal therefrom. There is no such party here. The German Government is not a party to the proceeding, either here or abroad. Indeed, there is no such party, in a legal sense, as the German Government. That is but the popular appellation given to a defined national entity or body politic.

Nor is the " See-Amt " a party. It is the investigating body, and such a body cannot be a party before itself. If it cannot be a party before itself it cannot well be a party here. Lastly, the commissioner is not in any sense a party. It is quite clear, therefore, that there is no party aggrieved by the order appealed from, within the meaning of the Code, and consequently the appeal must be dismissed.

VAN BRUNT, P. J., RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Appeal dismissed.